UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, Plaintiff, -against- LJ INSTALLATION CORP et al., Defendants. | 26 Civ. 1560 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 25, 2026, Plaintiff Atlantic Casualty Insurance Company ("Atlantic") commenced this action against Defendants LJ Installation Corp. ("LJ Installation"), Gustavo Hernandez (the "Underlying Plaintiff") and Parsons Construction, Inc. ("Parsons").

WHEREAS, the Complaint seeks a declaratory judgment under 28 U.S.C. § 2201 that, pursuant to the commercial general liability coverage policy issued by Atlantic to LJ Installation (the "Policy"), Atlantic has no duty to defend or indemnify LJ Installation in an action brought against LJ Installation in the Supreme Court of the State of New York, Bronx County, *Gustavo Hernandez v. 11 Park Place LLC, et al.*, Index No. 33373/2019E, and *Parsons Construction, Inc. v. LJ Installation Corp.*, the related third-party action therein (together, the "Underlying Action").

WHEREAS, LJ Installation failed to appear at the show-cause hearing on September 15, 2026.

WHEREAS, "a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint," but "a district court need not agree that the alleged facts

constitute a valid cause of action."[1] *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*; *RBSF Intermediate Holdings, Inc. v. Exec. Decisions Grp., Inc.*, No. 25 Civ. 10578, 2026 WL 1471912, at *1 (S.D.N.Y. May 26, 2026).

WHEREAS, the Complaint, which quotes and attaches the Policy, adequately alleges facts showing that Atlantic has no duty to defend or indemnify LJ Installation in the Underlying Action because the asserted claims are not covered by the Policy.

WHEREAS, the appended Policy by its terms excludes from coverage claims for bodily injury asserted by any employee of any insured "[p]erforming duties related to the conduct of any insured's business" or by any contractor "for which any insured may become liable in any capacity."

WHEREAS, the appended Policy, for the purpose of this exclusion, defines "employee" to include any person "hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured," and defines "contractor" to include "any independent contractor or subcontractor of any general contractor [and] any independent contractor or subcontractor of any developer."

WHEREAS, the Complaint, which appends the complaint in the Underlying Action, alleges that in the Underlying Action the Underlying Plaintiff asserts claims against LJ Installation, Parsons and others for bodily injury that occurred while the Underlying Plaintiff was working on a project on which he was employed by the general contractor.

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, the Complaint, which appends the third-party complaint in the Underlying Action by Parsons against LJ Installation, alleges that Parsons seeks indemnification from LJ Installation for any liability Parsons has to the Underlying Plaintiff for bodily injury.

WHEREAS, the Complaint alleges that LJ Installation was hired to perform work for the project.

WHEREAS, the Complaint adequately alleges that under the Policy, the Underlying Plaintiff is an "employee" or "contractor" of LJ Installation who asserts a claim for "bodily injury" and that, at the time of his injury, the Underlying Plaintiff was employed by the general contractor for the project and injured in connection with his work on the project.

WHEREAS, the Court has subject matter jurisdiction over this action based on the Complaint's allegations of diversity of citizenship under 28 U.S.C. § 1332(a).

WHEREAS, the Court has personal jurisdiction over LJ Installation under C.P.L.R. § 301 based on the Complaint's allegation that LJ Installation is domiciled in New York.

WHEREAS, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) based on the Complaint's allegations that a substantial portion of the events at issue occurred in this judicial district. It is hereby **ORDERED, ADJUDGED and DECREED** that

Plaintiff's claim for a declaratory judgment is **GRANTED** as follows: Plaintiff Atlantic Casualty Insurance Company has no duty to defend and no duty to indemnify Defendant LJ Installation Corp. in the action in the Supreme Court of the State of New York, Bronx County, *Gustavo Hernandez v. 11 Park Place LLC, et al.*, Index No. 33373/2019E, and *Parsons Construction, Inc. v. LJ Installation Corp.*, the related third-party action therein.

The Clerk of Court is respectfully directed to close the case.

Dated: September 23, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**